# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMONDRE MOORE,

        Plaintiff,

v.                                               Case No. 14-cv-1446-pp

EDWARD FLYNN and
MICHAEL VAGNINI,

        Defendants.

## DECISION AND ORDER REGARDING INITIAL PARTIAL FILING FEE

On December 8, 2014, Magistrate Judge William E. Duffin ordered the plaintiff to forward $6.32 to the Clerk of Court on or before January 5, 2015, as an initial partial filing fee in this action. See 28 U.S.C § 1915(b). To date, the plaintiff has not paid the initial partial filing fee. He has filed letter stating that he cannot afford the $6.32 fee and requesting another type of payment plan.

Under the Prison Litigation Reform Act (PLRA), the court must assess and, when funds exist, collect, an initial partial filing fee of 20% of the greater of (A) the average monthly deposits to the prisoner's prison account, or (B) the average monthly balance in the prisoner's prison account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). After the plaintiff pays the initial partial filing fee, the plaintiff must make monthly payments of 20% of the preceding month's income credited to the prisoner's account until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The question of how a prisoner's filing fee is to be collected is determined

1

entirely by the PLRA, and is outside the prison's control once the prisoner files a complaint or notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

In *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014), the Seventh Circuit held that before dismissing a case for failure to pay the initial fee, a court must determine whether the prisoner is at fault for the non-payment. A court may not dismiss the suit of a prisoner who has a lack of funds in his account. *Id.* at 312; *see also* § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas*, 745 F.3d at 312 (citations and internal quotation omitted).

In this case, although the plaintiff asserts that he doesn't have the money to pay the initial partial filing fee, a review of his six-month trust account statement shows multiple deposits followed by "commissary regular sale" withdrawals. It appears that the plaintiff receives money in his trust account, and then makes purchases with it at the commissary. That means that the plaintiff is responsible for not paying the initial partial filing fee, because he chooses to use the money in his trust account for other things.

**THEREFORE**, the court hereby **ORDERS** that the plaintiff still wishes the court to grant him *in forma pauperis* status, he must file a document showing cause why the court should not dismiss the case for failing to pay the initial partial filing fee.

The court further **ORDERS** that on or before **May 11, 2015**, the plaintiff shall either pay the $6.32 initial partial filing fee or provide the court with the written information referred to above, regarding why he hasn't paid the initial filing fee.

The court will send a copy of this order to the Warden of Redgranite Correctional Institution.

Dated at Milwaukee this 21st day of April, 2015.

                        **BY THE COURT:**

                        **HON. PAMELA PEPPER**
                        **United States District Court Judge**