# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMONDRE MOORE,**

        Plaintiff,

v.

**EDWARD FLYNN and MICHAEL VAGNINI,**

        Defendants.

Case No. 14-cv-1446-pp

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A

The *pro se* plaintiff is a Wisconsin state prisoner. On November 17, 2014, he filed a complaint under 42 U.S.C. § 1983, along with a petition and affidavit to proceed *in forma pauperis*. The papers he filed—his affidavit in support of his request to proceed *in forma pauperis*, as well as his trust account record—show that he lacks the funds to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Accordingly, the court will grant his petition to proceed without pre-paying the filing fee.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss some or all of a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The

complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts must follow the principles set forth in *Twombly*. First, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, plaintiff Moore must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Redgranite Correctional Institution. He has sued City of Milwaukee Police Chief Edward Flynn and Milwaukee Police Officer Michael Vagnini.

The complaint alleges that in 2008, defendant Officer Vagnini approached him and a friend while they were at a gas station. The plaintiff was in a vehicle at the time, and he alleges that, thinking the car was in park, he took his foot off the brakes. The car started to move, but the plaintiff alleges that he quickly stopped it. He alleges, however, that Officer Vagnini nonetheless ran up, broke the car's driver side window, and pulled the plaintiff out of the car by his throat. Next, the plaintiff alleges that Officer Vagnini threw him to the ground, put his bare hands down Moore's pants and underwear, and penetrated Moore's anus. Moore asserts that Officer Vagnini did not have probable cause to search him.

Moore filed his complaint using the court's form complaint. Under the "state briefly your legal theory" section of the complaint, Moore cites to *Venable v. City of Milwaukee*, Case No. 13-cv-1114-JPS, a civil rights suit currently pending in the Eastern District of Wisconsin against, among others, Chief Flynn and Officer Vagnini. The complaint in that case alleges, among other things, that the named defendants violated the plaintiff's civil rights through unreasonable searches and seizures. The plaintiff in the current case indicates that the *Venable* case sets forth "defendant's" extensive history of "such civil rights violations."

The court finds that the plaintiff's complaint, liberally construed, alleges that defendant Vagnini violated his Fourth Amendment right against unreasonable search and seizure, and thus that his claim against defendant Vagnini is not frivolous. The court will allow the plaintiff to proceed with his

claim against defendant Vagnini. The facts the plaintiff recites in his complaint, however, make no mention of defendant Flynn. Because the plaintiff does not allege any facts which might support a civil rights claim against defendant Flynn, the court will dismiss him as a defendant.[1]

The court **ORDERS** that the plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

The court **ORDERS** that the plaintiff may proceed with his civil rights claim alleging that defendant Vagnini violated his Constitutional right to be free from unreasonable search and seizure.

The court **ORDERS** that defendant Edward Flynn is **DISMISSED** as a defendant in this case.

The court further **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants named in the complaint, pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not allowed either the court or the U.S. Marshal's Service to waive these fees.

---

[1] The Venable case also brought a supervisory liability claim against Chief Flynn and a Monell policy and practice claim against the City of Milwaukee. As indicated, Moore may not proceed against Chief Flynn because the complaint does not include any allegations against him. Moore does not state a Monell policy claim because he does not allege that the alleged constitutional violation was the result of a policy or custom.

The court **ORDERS** that the defendant shall answer or otherwise respond to the complaint within the time period prescribed by Fed. R. Civ. P. 12(a).

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary must clearly identify the payments by the case name and number.

The court will send a copy of this order to the institution where the inmate is in custody.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.** It will only delay the processing of the matter. Because the clerk's office will electronically scan and enter on the docket each filing when the clerk receives it, the plaintiff does not need to mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system.

The plaintiff also should keep a personal copy of each document filed with the court.

The court further advises the plaintiff that if he fails to file pleadings by the deadlines required by the court, the statutes and the rules, it may result in the dismissal of his case for failure to prosecute. The parties also must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee this 13th day of May, 2015.

BY THE COURT:

HON. PAMELA PEPPER
**United States District Court Judge**