# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMONDRE MOORE,**

        Plaintiff,

v.                       **Case No. 14-cv-1446-pp**

**MICHAEL VAGNINI,**

        Defendant.

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 17) AND GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 23)**

The *pro se* plaintiff, Lamondre Moore, is a Wisconsin state prisoner. He filed this case under 42 U.S.C. §1983, Dkt. No. 1, and the court granted his petition for leave to proceed in forma pauperis, Dkt. No. 13. The complaint alleges that the defendant, Milwaukee Police Officer Michael Vagnini, forcibly removed him from his vehicle and penetrated his anus while searching him, in violation of the Fourth Amendment to the United States Constitution. Dkt. No. 1. The defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that the statute of limitations bars the plaintiff's claim. Dkt. No. 17. The plaintiff has filed a motion to appoint counsel. Dkt. NO. 23. For the following reasons, the court will deny the defendant's motion to dismiss and grant the plaintiff's motion to appoint counsel.

    **I.    ALLEGATIONS IN THE PLEADINGS**

In support of his motion to dismiss, the defendant contends that Wisconsin's six-year statute of limitations on "personal rights" claims bars the

plaintiff's claim. Dkt. No. 17 at 1; Dkt. No. 18 at 1-2, citing Gray v. Lacke, 885 F.2d 399, 408 (7th Cir. 1989).

The complaint alleges that "[i]n year 2008," at a gas station in the City of Milwaukee, located at Teutonia and Keefe Avenues, the defendant assaulted him physically and sexually. Dkt. No. 1 at 3-4. According to the defendant, a review of law enforcement records submitted in support of his motion to dismiss reveals that during 2008, there was one event which involved contact between the plaintiff and the defendant at that location; that event occurred on April 1, 2008. Dkt. No. 18 at 1-2. The defendant contends that the plaintiff's case is time-barred because he did not file this case until November 17, 2014 (six years and seven or so months after the date the defendant claims is relevant). See Malone v. Corr. Corp. of Am., 553 F.3d 540, 542 (7th Cir. 2009) (section 1983 claims are subject to Wisconsin's six-year personal rights statute of limitations, Wis. Stat. §893.53); Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997); Gray v. Lacke, 885 F.2d 399, 407-09 (7th Cir. 1989).

In response to the defendant's motion to dismiss, the plaintiff filed a motion to appoint counsel. Dkt. No. 23. In that motion, he stated:

> I have no money, and I am writing this motion to request an attorney for case no. 14-cv-1446 for a lot of reason's, when I was 4 year's old I was burned over 98% of my body which still affects me today, I have no fingers at all on my hand's so I can not write, I'm also on SSI, but my check is now cut off do [sic] to me being incarcerated, also I have a learning disability[.] I can not read, so I don't understand what is going on in this case, I have no one to assist me[.]

Dkt. No. 23 at 1.

2

Case 2:14-cv-01446-PP   Filed 09/15/15   Page 2 of 6   Document 24

The plaintiff's motion also addresses the defendant's motion to dismiss. The motion states that the plaintiff filed the complaint four and one-half months late "because of my disability by not having any fingers to write, so it took me some time to have it wrote [sic] up to get the lawsuit started[.]" Id.

## II.  DISCUSSION

"In litigation involving a pro se party where matters outside the pleadings are presented to the Court in conjunction with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) . . . , the procedure set forth in Civil L.R. 56(a)(1) applies." Civil L.R. 12 (E.D. Wis.). Civil Local Rule 56(a)(1) provides:

(a) Pro Se Litigation.

  (1) If a party is proceeding pro se civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

   (A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

   (B) In addition to the statement required by Civil L.R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56(c)(d) and (e), Civil L.R. 56(a), Civil L.R. 56(b), and Civil L.R. 7 must be party of the motion.

  (2) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

Civil L.R. 56(a) (E.D. Wis.).

Here, the defendant submitted outdated versions of the Local Rules and the Federal Rules of Civil Procedure in support of his motion to dismiss. See

3

Dkt. No. 17. Even if the defendant had filed the current versions of the rules, Christopher R. Marshall, who submitted a supporting affidavit, did not sign his affidavit. See Dkt. No. 19. For these reasons, the court will deny without prejudice the defendant's motion to dismiss. The defendant may, if he chooses to do so, correct these deficiencies, and may refile his motion within twenty-one days of the date of this order.

With regard to the plaintiff's motion to appoint counsel: In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff demonstrates that he has made that reasonable attempt to find counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Here, the plaintiff states that he tried to find an attorney on his own by contacting six law firms, but that none of those law firms would assist him.

4

Dkt. No. 23 at 1. The court finds that the plaintiff's efforts qualify as a "reasonable attempt" to find an attorney on his own.

Turning to the examination of the plaintiff's claim and his abilities, the court finds that plaintiff's claim is not difficult – it involves a brief interaction with one defendant. Additionally, the defendant's motion to dismiss indicates that the plaintiff's complaint may be barred by the statute of limitations. Despite the relative simplicity of the plaintiff's claim and the early stage of this case, however, the court concludes that this plaintiff needs an attorney to be able to move forward. According to the plaintiff, he cannot write because he does not have fingers, and he cannot read.[1] Based on these factors, the court will grant the plaintiff's motion to appoint counsel.[2] The court will attempt to recruit an attorney to represent the plaintiff pro bono. The court will notify the parties when it finds an attorney.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to

---

[1] The court presumes that the plaintiff had assistance drafting the relatively high-quality documents he has filed in the case so far. The court, however, must evaluate the plaintiff's capabilities, not the ability of anyone who may have assisted him. See Henderson v. Ghosh, 755 F.3d 559, 565 (7th Cir. 2014).

[2] The plaintiff has another civil case in this district, Moore v. Milwaukee, Case No. 14-cv-745-WED (E.D. Wis.). In that case, Magistrate Judge William Duffin granted the plaintiff's motion for pro bono counsel based on the complexity of the case (medical care claim) as well as his physical disability and his inability to read.

5

dismiss. Dkt. No. 17.

The court **GRANTS** the plaintiff's motion to appoint counsel. Dkt. No. 23.

Dated in Milwaukee this 15th day of September, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge