UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LAMONDRE MOORE,**

                        Plaintiff,

v.                                              **Case No. 14-cv-1446-pp**

**MICHAEL VAGNINI,**

                        Defendants.

---

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 26)**

---

The plaintiff, Lamondre Moore, is a Wisconsin state prisoner. On November 17, 2014, he filed a complaint alleging that the defendant, Milwaukee Police Officer Michael Vagnini, had forcibly removed him from his vehicle and penetrated his anus while searching him, in violation of the Fourth Amendment to the United States Constitution. Dkt. No. 1.[1] The defendant has filed a motion to dismiss on statute of limitations grounds. Dkt. No. 25. For the reasons explained in this order, the court will grant the defendant's motion and dismiss this case.

**I.    BACKGROUND AND COMPLAINT ALLEGATIONS**

The complaint alleges that in 2008, defendant Officer Vagnini approached the plaintiff and a friend while they were at a gas station. Dkt. No.

---

[1] The plaintiff filed the complaint *pro se*. On September 15, 2015, the court granted the plaintiff's motion to appoint counsel and recruited Attorney Chris Donovan to represent the plaintiff on a *pro bono* basis. Dkt. No. 24. The court appreciates Attorney Donovan's service.

1

1 at 3. The plaintiff was in a vehicle at the time, and he alleges that, thinking the car was in park, he took his foot off the brakes. The car started to move, but the plaintiff alleges that he quickly stopped it. He alleges, however, that Officer Vagnini nonetheless ran up, broke the car's driver side window, and pulled the plaintiff out of the car by his throat. Id. The plaintiff alleges that Officer Vagnini then threw him to the ground, put his bare hands down the plaintiff's pants and underwear, and penetrated the plaintiff's anus. Id. at 3-4. The plaintiff asserts that Officer Vagnini did not have probable cause to search him. Id. at 4.

## II. DISCUSSION

### A. Standard of Review

The defendant filed his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that this court does not have jurisdiction to hear the case because the six-year statute of limitations has expired. Dkt. No. 17 at 1. For purposes of deciding this motion, the court accepts the allegations in the complaint as true and draws all inferences in the plaintiff's favor. See Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, Ill., 779 F.3d 706, 711 (7th Cir. 2015). Because the statute of limitations is an affirmative defense, "it is rarely a good reason to dismiss under Rule 12(b)(6)." Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004). Nevertheless, dismissal under Rule 12(b)(6) is appropriate where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing

2

statute of limitations." Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008) (quotation omitted).

B.     Parties' Arguments

The defendant contends that the six-year statute of limitations applicable to §1983 claims in Wisconsin bars the plaintiff's claim against him. Dkt. No. 26. According to the defendant, the event occurred on April 1, 2008.[2] Dkt. No. 27. The plaintiff filed his complaint on November 17, 2014—six years, seven months and two weeks after the incident. Dkt. No. 1. The defendant contends that because the plaintiff filed his complaint more than six years after the incident, the court must dismiss his claim.

The plaintiff agrees that the six-year statute of limitations applies, and that the encounter at issue occurred on April 1, 2008. Dkt. No. 37 at 1. The plaintiff contends, however, that the court should deny the defendant's motion to dismiss because Wisconsin's "discovery rule" applies to the applicable statute of limitations. Dkt. No. 37 at 1. According to the plaintiff, the six-year statute of limitations did not begin to run until the plaintiff discovered his injury, which was no earlier than April 22, 2012, and perhaps as late as October 9, 2012. Id. at 1-2. The plaintiff asserts that "[a] reasonable person in Mr. Moore's position (that is, an uneducated layperson who grew up in the inner city of Milwaukee with severe physical problems that delayed his ability

---

[2] In support of his assertion that the event in question took place that date, the defendant submitted the Milwaukee Police Department Incident Report from the April 1, 2008 encounter. Dkt. No. 27-1. The plaintiff agrees that the incident at issue in this case occurred on April 1, 2008. Dkt. No. 37 at 1. Thus, the court need not rely on the Incident Report.

3

to start formal schooling and who was cavity searched by a police officer in a position of authority over him) would not have known that he was illegally searched and thereby injured on April 1, 2008." Dkt. No. 37 at 4-5. The plaintiff concludes that he "therefore could not enforce his claim until he read in the newspapers about the allegations of illegal conduct by the defendant and his eventual charging by the state with related crimes in 2012." Dkt. No. 37 at 5.

      C.    The Statute of Limitations Bars this Action

For claims brought under 42 U.S.C. §1983, the court borrows the limitations period and tolling rules applicable to personal-injury claims under state law. Devbrow v. Kalu, 705 F.3d 765, 767-68 (7th Cir. 2013) (citing Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012)). Section 1983 claims are subject to Wisconsin's six-year personal rights statute of limitations, Wis. Stat. §893.53. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997); Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989).

Accrual rules are governed by federal law "conforming in general to common-law tort principles." Wallace v. Kato, 549 U.S. 384, 387-88, (2007). There is no single accrual rule for all §1983 claims. Devbrow, 705 F.3d at 767-68. Rather, the court uses the rule that applies to the common-law cause of action most similar to the kind of claim the plaintiff asserts. Wallace, 549 at 388. A claim asserting that a search violated the Fourth Amendment accrues— and the limitations period begins to run—as soon as the plaintiff knows, or should have known, about the search and the facts making it unlawful.

4

Wallace, 549 U.S. at 392-94; Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997); see also Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006) (a §1983 claim accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been violated").

As noted, the plaintiff contends that Wisconsin's "discovery rule" applies to this case. The discovery rule "tolls the statute of limitations until the plaintiff discovers or with reasonable diligence should have discovered that he or she has suffered actual damage due to wrongs committed by a particular, identified person." Pritzlaff v. Archdiocese of Milwaukee, 194 Wis. 2d 302, 315 (1995). "Until that time, plaintiffs are not capable of enforcing their claims either because they do not know that they have been wronged, or because they do not know the identity of the person who has wronged them[.]" Id. at 315-16 (internal citations omitted).

A review of cases applying Wisconsin's discovery rule bring the court to the conclusion that the rule does not extend the limitations period in this case. In Doe 52 v. Mayo Clinic Health System-Eau Claire Clinic, Inc., 98 F. Supp. 3d 989, 991 (W.D. Wis. 2015), the defendant physician allegedly inappropriately touched the plaintiff on several occasions between 2004 and 2007, when the plaintiff was approximately 15 to 17 years old. The plaintiff did not realize until October 2012 that the doctor's medical examinations did not comport with the standard of care. Id. The court noted that once the plaintiff had become "armed with this knowledge," he had "suffered profound psychological damage,

5

Case 2:14-cv-01446-PP    Filed 06/20/16    Page 5 of 8    Document 43

including depression, anxiety, embarrassment, emotional distress, self-esteem issues, and loss of enjoyment of life." Id.

The Doe 52 court concluded that the plaintiff's claim accrued no later than December 31, 2007, and that the plaintiff's assertion that he did not "discover" and could not reasonably have discovered his injury (meaning that his claims did not accrue) until October 2012 was foreclosed, in part, by the Wisconsin Supreme Court's decisions in cases such as Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, 303 Wis. 2d 34, 734 N.W.2d 827 (Wis. 2007); BBB Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 565 N.W.2d 94 (Wis. 1997); and Pritzlaff. Doe 52, 98 F. Supp. 3d at 997-98.

The court explained that those three cases all dealt with allegations of sexual assault against individual priests, and corresponding claims of negligence against the Archdiocese. Doe 52, 98 F. Supp. 2d at 998. In Pritzlaff, the Wisconsin Supreme Court concluded that the plaintiff could not use the discovery rule to extend the limitation period on her claim that a priest coerced her into a sexual relationship, because the plaintiff knew of all of the elements of her underlying claim against the priest by the time the relationship had ended over twenty years prior. Pritzlaff, 194 Wis. 2d at 307-08, 315. In BBB Doe, 211 Wis. 2d at 344-45, the Supreme Court held that

> [i]n cases where there has been intentional, non-incestuous assault by one known to the plaintiff, and the plaintiff sustains actual harm at the time of the assault, the causal link is established as a matter of law. [The plaintiffs] new the individual priests, knew the acts of sexual assault took place, and knew immediately that the assaults caused them injury. We therefore conclude that these plaintiffs discovered, or in the exercise of reasonable diligence, should have discovered all the elements of

6

their causes of action against the individual perpetrators at the time of the alleged assault[s], or by the last date of the alleged multiple assaults.

In contrast, Wisconsin courts have used the discovery rule to extend the limitation period in cases where an individual lacked knowledge they had suffered an injury. For example, in Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 560 (Wis. 1983), a products liability suit arising out of injuries allegedly caused by the defendants' "Dalkon Shield" intrauterine device, the Wisconsin Supreme Court adopted the discovery rule. The court concluded that "the injustice of barring meritorious claims before the claimant knows of the injury outweighs the threat of stale or fraudulent actions." Id. at 559; see also Borello v. U.S. Oil Co., 130 Wis. 2d 397, 414-15 (Wis. 1986) (concluding that the "statute of limitation did not commence to run against Borello's claim until she had a basis for objectively concluding that metal fume fever from a furnace installed by the U.S. Oil Company and manufactured by The Williamson Company was probably the cause of her symptoms.").

In this case, the plaintiff's claims more resemble the claims in Doe 1, BBB Doe, and Pritzlaff. As of April 1, 2008, the plaintiff knew that the defendant had assaulted him, the plaintiff knew that what the defendant had done was not acceptable police behavior, and the plaintiff knew that he had been injured by that behavior. Certainly he may not have known, until he read about other cases in the paper, that the defendant was alleged to have engaged in similar activity with other people in the community. He may not have known under what legal theory he had a claim. But he knew that he'd been treated

7

badly, and had suffered an injury. At that point, with that knowledge, his claim began to accrue. See Wallace, 549 U.S. at 388 (it is "standard rule that accrual occurs when the plaintiff has a complete and present cause of action," that is, when "the plaintiff can file suit and obtain relief"). The discovery rule does not apply.

Because the plaintiff did not file this case until November 17, 2014, more than six years after his claim accrued, the statute of limitation bars this case, and the court will grant the defendant's motion to dismiss.

## III. CONCLUSION

The court **GRANTS** the defendant's motion to dismiss, Dkt. No. 26, and **ORDERS** that this case is **DISMISSED**, effective immediately.

Dated in Milwaukee, Wisconsin this 20th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge